UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR KIBLER,

        Plaintiff,

                                    CASE NO. 06-13215
vs.                                 HON. LAWRENCE P. ZATKOFF

ALMA LUISO,

        Defendant,

_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on January 11, 2007

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

This matter is before the Court on Plaintiff's Motion to Amend Complaint and Remand the Case to Wayne County Circuit Court (Docket #9). Defendant has filed a response and Plaintiff has filed a reply. The facts and legal arguments are adequately set forth in the briefs submitted. Therefore, finding that the determination of the issues will not be aided by oral argument, and pursuant to E.D. Mich. Local R. 7.1(e), this Court ORDERS that Plaintiff's Motion be decided upon the briefs submitted, without this Court entertaining oral arguments. For the reasons that follow, Plaintiff's Motion is GRANTED IN PART and DENIED IN PART, without prejudice.

## I. BACKGROUND

This action arises out of accident that occurred in the City of Detroit on or about August 26, 2004. Plaintiff filed suit in Wayne County Circuit Court on May 25, 2006, alleging that Defendant

negligently operated her automobile and struck Plaintiff as he was riding his bicycle. Plaintiff's claim is governed by Michigan's No-Fault Law, MCL § 500.3101 *et seq.* In his Complaint, Plaintiff alleged that "the amount in controversy exceeds the sum of Twenty-Five Thousand ($25,000) Dollars . . ."

On July 13, 2006, Defendant removed Plaintiff's case to this Court pursuant to 28 U.S.C. § 1332(a)(1). The Court found it had subject matter jurisdiction as there is diversity of the parties (Plaintiff is a resident of Michigan and Defendant is a resident of Florida) and the nature of the injuries alleged by Plaintiff easily could exceed $75,000.

On December 11, 2006, Plaintiff filed the instant Motion, asking that he be permitted to amend his Complaint to provide that the maximum damages are $74,000 and then have the Court remand the case to Wayne County Circuit Court. Defendant concurs in Plaintiff's motion to amend to limit damages to $74,000 but opposes any remand of the matter to Wayne County Circuit Court.

## II. OPINION

Plaintiff's Motion asks for two separate things. First, Plaintiff desires the right to amend his Complaint to provide that the damages in this case shall not exceed $74,000. Defendant concurs in that request and asks the Court to grant Plaintiff leave to amend his Complaint to allege damages not exceeding the sum of $74,000. Accordingly, the Court hereby GRANTS Plaintiff's motion for leave to amend his Complaint to allege damages not exceeding the sum of $74,000.

The second request set forth in Plaintiff's Motion is for remand of this case to Wayne County Circuit Court because this Court would not have subject matter jurisdiction once the amended Complaint is filed. Plaintiff asserts that because the amount in controversy would not exceed $75,000 and Plaintiff never suggested that the amount in controversy would exceed $75,000, the case should be remanded if the damages sought could not exceed $74,000. Defendant accurately counters that the law in the Sixth Circuit is that a court is to determine jurisdiction at the time of removal in deciding remand motions, not at post-removal events. *See, e.g., Rogers v. Wal-Mart*

2

*Stores, Inc.*, 230 F.3d 868, 872-73 (6th Cir. 2000). *See also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283  (1938).

The Court notes that when it evaluated whether the Court had subject matter jurisdiction over this case at the time of removal, the allegations of Plaintiff's injuries supported a finding that the amount in controversy could exceed $75,000, the amount necessary for this Court to exercise subject matter jurisdiction over the case pursuant to 28 U.S.C. § 1332(a)(1).  As Plaintiff notes, however, this is not a case in which Plaintiff originally filed the action in federal court, nor is it a case where Plaintiff ever asserted that damages would exceed $75,000.   As such, the instant case is distinguishable from any of the cases relied upon by Defendant, including *Rogers, supra* (plaintiff's complaint in state court claimed $950,000 in damages), *St. Paul Mercury, supra* (amount sought in suit initiated in state court exceeded the amount necessary under federal statute for diversity jurisdiction); *Gafford v. G.E. Co.*, 997 F.2d 150 (6th Cir. 1993) (plaintiff's attorney represented at a jurisdictional hearing that the amount in controversy had a maximum value which exceeded the then-$50,000 jurisdictional amount); and *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451 (6th Cir. 1996) (which case dealt exclusively with federal question jurisdiction).

In general, federal case law recognizes that the plaintiff is considered the "master of the claim" and any claim for relief specifically less than $75,000 should preclude removal if jurisdiction is based on 28 U.S.C. § 1332. *See Gafford*, 997 F.2d at 157.  In this case, the Court concludes that because (1) Plaintiff never sought to bring this action in federal court, (2) Plaintiff never specifically sought damages exceeding $75,000, and (3) Plaintiff has agreed to seek damages not greater than $74,000, this case should be remanded to Wayne County Circuit Court once Plaintiff has filed his amended Complaint in the manner described in his Motion.  Until such time as the amended Complaint is filed, however, the Court must retain jurisdiction.   Plaintiff's motion to remand is therefore DENIED WITHOUT PREJUDICE.  In addition, Plaintiff is hereby ORDERED to file his amended Complaint within seven (7) days of the date this Opinion and Order is entered.

## III.  CONCLUSION

Accordingly, and for the reasons set forth above, Plaintiff's Motion is GRANTED IN PART and DENIED IN PART.


IT IS SO ORDERED.



s/Lawrence P. Zatkoff_____
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  January 11, 2007

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on January 11, 2007.


s/Marie E. Verlinde_____
Case Manager
(810) 984-3290

4